UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| SURPLEC, INC., | ) | |
| | ) | |
| Plaintiff | ) | |
| v. | ) | CV-07-55-B-W |
| | ) | |
| MAINE PUBLIC SERVICE CO., | ) | |
| UPC WIND MANAGEMENT, LLC, and | ) | |
| EVERGREEN WIND POWER, LLC | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER ON MOTION TO DISMISS

Surplec, Inc. (Surplec) filed a law suit against Maine Public Service Company (MPSC), UPC Wind Management, LLC (UPC), and Evergreen Wind Power, LLC (Evergreen), alleging that, acting as joint venturers, the three Defendants failed to pay Surplec in full for a transformer that has been installed and is operating at their Mars Hill Project, producing electricity. Before the Court is a motion by UPC and Evergreen, claiming that Surplec's Complaint fails to state a claim against them for conversion (Count IV) and unjust enrichment (Count V). Because Surplec alleged that the taking of the transformer was wrongful, and because there is a justifiable inference that a demand to return the transformer would have been futile, the Court denies the motion as regards the conversion count. Because Surplec alleged that, in ordering and using the transformer, UPC and Evergreen were acting as joint venturers with MPSC, the Court concludes that UPC and Evergreen are potentially jointly and severally liable, and denies the motion as regards the unjust enrichment count.[1]

---

[1] Also pending is a motion to stay discovery, filed by UPC/Evergreen. *See Defs.' Mot. to Stay Disc.* (Docket # 36). The Defendants have asked the Court to stay discovery pending the resolution of this motion to dismiss. The Defendants' motion to stay becomes moot by the issuance of this Order; the Court, therefore, DISMISSES the motion to stay discovery.

**I.      LEGAL STANDARD**

Rule 12(b)(6) provides, in part:

> Every defense, in law or fact, to a claim for relief in any pleading . . . shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: . . . (6) failure to state a claim upon which relief can be granted . . . .

FED. R. CIV. P. 12(b)(6).  "In ruling on a motion to dismiss [under Rule 12(b)(6)], a court must accept as true all the factual allegations in the complaint and construe all reasonable inferences in favor of the plaintiffs." *Alternative Energy, Inc. v. St. Paul Fire & Marine Ins. Co.*, 267 F.3d 30, 33 (1st Cir. 2001) (citing *Beddall v. State St. Bank & Trust Co.*, 137 F.3d 12, 16 (1st Cir. 1998)). However, despite the liberal pleading standard of Federal Rule of Civil Procedure 8, to survive a motion to dismiss, "a complaint must allege 'a plausible entitlement to relief.'" *Rodriguez-Ortiz v. Margo Caribe, Inc.*, No. 06-1765, 2007 U.S. App. LEXIS 14316, at *7 (1st Cir. June 18, 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1967 (2007)).[2]  Moreover, the Court "need not credit a complaint's bald assertions or legal conclusions." *Glassman v. Computervision Corp.*, 90 F.3d 617, 628 (1st Cir. 1996) (citation and internal quotation marks omitted).

**II.     BACKGROUND[3]**

On April 30, 2007, Surplec filed suit against MPSC, UPC, and Evergreen, alleging several state law causes of action, including breach of contract, fraudulent misrepresentation,

---

[2] On May 21, 2007, the Supreme Court issued *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007).  There, the Court rejected the oft-cited language of *Conley v. Gibson*, which reads: "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley*, 355 U.S. at 45-46.  The Court stated: "*Conley*'s 'no set of facts' language has been questioned, criticized, and explained away long enough." *Twombly*, 127 S. Ct. at 1969.

[3] The Court briefly recounted the facts in its order on Plaintiff's Motion for Preliminary Injunction. *See Surplec, Inc. v. Me. Pub. Serv. Co.*, CV-07-55-B-W, 2007 U.S. Dist. LEXIS 52472 (D. Me. July 18, 2007).

negligent misrepresentation, conversion, and unjust enrichment.[4] *See Compl.* (Docket # 1).[5] For the purposes of this motion, the Court accepts the following facts, alleged in the complaint, as true:

Surplec, a company that manufactures and sells electrical equipment, sold a transformer to MPSC[6] pursuant to a purchase order from MPSC dated March 8, 2006. The parties agreed that, before Surplec would deliver the transformer, MPSC would pay the purchase price of $398,000 (plus a $22,000 delivery charge) in three installments. MPSC paid the first two installments on March 15, 2006 and June 29, 2006. On November 30, 2006, Surplec informed MPSC that the transformer was ready for delivery; that same day, MPSC faxed a copy of a check for the last installment and the express assurance that the check would be sent out immediately. After the check failed to arrive, MPSC made two other representations that payment was forthcoming. Banking on these representations, Surplec shipped the transformer and accessories to MPSC at its Mars Hill, Maine site. However, MPSC never tendered the promised payment. Instead, MPSC informed Surplec that the transformer was neither merchantable nor fit for its intended purpose, and that it would hold the transformer until Surplec delivered a replacement. Nevertheless, MPSC, UPC, and/or Evergreen proceeded to modify or adjust the transformer without advising Surplec in advance, and then installed the transformer. The transformer is currently operational and MPSC, UPC, and/or Evergreen are using it to generate electricity, and Surplec has not yet received the final payment for the transformer.

---

[4] The Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332.
[5] With the Complaint, Surplec moved to enjoin the Defendants from using the transformer pending the outcome of this case. *See Pl.'s Mot. for Prelim. Inj.* (Docket # 4). The Court denied Surplec's motion on July 18, 2007. *See Order on Mot. for Prelim. Inj.* (Docket # 47).
[6] MPSC is an electricity transmission and distribution company located in Presque Isle, Maine.

On June 4, 2007, UPC and Evergreen moved to dismiss Counts IV and V of the Complaint under Federal Rule of Civil Procedure 12(b)(6). *See Defs.' Mot. to Dismiss* (Docket # 23) (*Defs.' Mot.*).

## III.   DISCUSSION

### A.   Conversion

Under Maine law, to make a *prima facie* case of conversion, a plaintiff must establish three elements:

> (1) a showing that the person claiming that his property was converted has a property interest in the property; (2) that he had the right to possession at the time of the alleged conversion; and (3) that the party with the right to possession made a demand for its return that was denied by the holder.

*Withers v. Hackett*, 1998 ME 164, ¶ 7, 714 A.2d 798, 800. This motion centers on the third element – a denied demand for return. Defendants assert that "Surplec does not allege that it made any demand to UPC Wind or Evergreen that the Transformer be returned." *Defs.' Mot.* at 3. Surplec counters that it should be excused from the demand requirement for two reasons: first, a demand would have been futile; and, second, the taking was wrongful. *Pl.'s Opp'n to Defs.' Mot. to Dismiss* at 6-7 (Docket # 38).

Regarding Surplec's first point, there is a sensible exception to the demand requirement: "where the circumstances show that a demand would be useless, a demand is not necessary." *Withers*, 714 at 800 (citing *General Motors Acceptance Corp. v. Anacone*, 160 Me. 53, 83, 197 A.2d 506, 524 (1964)). Surplec's main obstacle is that its Complaint failed to allege explicit facts to support the futility claim. Rather, it relies on an inference that a demand would have been futile:

> Defendants have individually and jointly impeded on Surplec's security interest by modifying and using the Transformer while

4

> knowing[] that MPSC has failed and refused to pay for it in full and have stated their intention to keep using the Transformer while MPSC simultaneously fails and refuses to pay the balance of the purchase price and the shipping charge.

*Compl.* ¶ 67.

The Court agrees with Surplec. Based on the allegations in the Complaint, the Court infers that to demand return of the transformer would have been futile, because, according to the Complaint, the Defendants told Surplec that they intended to continue using the transformer.

Surplec's second argument is stronger: that it was unnecessary to demand the return of the transformer because the taking was wrongful. Under Maine law, a "person with the right to possession need only make a demand if the holder took the property rightfully . . . ." *Withers*, 1998 ME 164, ¶ 7, 714 A.2d at 800. In the Complaint, Surplec alleges: "MPSC, UPC and/or Evergreen wrongfully obtained possession of the transformer because Surplec was fraudulently induced by MPSC to tender the Transformer to the carrier for exportation and delivery to the Mars Hill site." *Compl.* ¶ 63. Surplec further alleges that the Defendants modified and used the transformer, despite knowing they had obtained it unlawfully. *Id.* ¶ 67. These allegations, taken as true for purposes of the motion, are sufficient to exempt Surplec from the need to make a demand for return, since they assert that the Defendants wrongfully took possession of the transformer.

In sum, Surplec's failure to demand return of the transformer is not fatal to its conversion count against UPC/Evergreen, and the Court concludes that, because Surplec has alleged a plausible entitlement to relief, it has adequately stated a claim for conversion.

### B. Unjust Enrichment

Under Maine law, to establish unjust enrichment, a plaintiff must show:

> (1) it conferred a benefit on the other party; (2) the other party had appreciation or knowledge of the benefit; and (3) the acceptance or retention of the benefit was under such circumstances as to make it inequitable for it to retain the benefit without payment of its value.

*Me. Eye Care Assocs. P.A. v. Gorman*, 2006 ME 15, ¶ 26, 890 A.2d 707, 712 (quoting *Tucci v. City of Biddeford*, 2005 ME 7, ¶ 14, 864 A.2d 185, 189). This theory "permits recovery 'for the value of the benefit retained when there is no contractual relationship, but when, on the grounds of fairness and justice, the law compels performance of a legal and moral duty to pay . . . .'" *Forrest Assocs. v. Passamaquoddy Tribe*, 2000 ME 195, ¶ 14, 760 A.2d 1041, 1046 (quoting *Paffhausen v. Balano*, 1998 ME 47, ¶ 6, 708 A.2d 269, 271).

UPC and Evergreen focus on the third element – whether their enrichment is unjust – and argue that Surplec did not confer a benefit to them; rather, MPSC conferred the benefit.[7] *Defs.' Mot.* at 5. They cite the general principle that to state a claim for unjust enrichment, the benefit must be conferred by the defendant, not by a third party. *Id.* at 4; *Glenwood Farms, Inc. v. Ivey*, 228 F.R.D. 47, 52 (D. Me. 2005); *June Roberts Agency, Inc. v. Venture Props., Inc.*, 676 A.2d 46, 49 (Me. 1996). More specifically, they note that a subcontractor cannot bring a claim for unjust enrichment against a property owner where "the property owner has paid the general contractor in full or when the owner had no reason to believe that it would be liable for the costs

---

[7] In addition, UPC and Evergreen claim that "[c]ontrary to Surplec's assertions, UPC Wind and Evergreen absolutely dispute that they have benefited from the use of Surplec's Transformer." *Defs.' Reply in Supp. of Mot. to Dismiss* at 2 (Docket # 48). This contention is at odds with their earlier assertions in response to Suplec's motion for preliminary injunction, that if they could not use the transformer, they would have to shut the project down and "[t]his shutdown would result in millions of dollars in losses to Evergreen and would be catastrophic to Evergreen and UPC Wind." *Resp. in Opp'n to Pl.'s Mot. for Prelim. Inj.* at 7-8 (Docket # 22). Be this as it may, for purposes of the motion to dismiss, the Court must assume the truth of the allegations in the Complaint, which states that the "Transformer is operational and is being used by MPSC, UPC and/or Evergreen for its intended purpose at the Mars Hill site; namely to generate and sell energy from wind power." *Compl.* ¶ 29. To the extent UPC and Evergreen base their motion to dismiss on the contention that no benefit has been conferred at all, this argument is a non-starter, since it is contrary to the allegations in the Complaint.

incurred." *Defs.' Mot*. at 4 (quoting *A.F.A.B.*, *Inc. v. Town of Old Orchard Beach*, 610 A.2d 747, 749 (Me. 1992)). They note that although Surplec has alleged that MPSC has not paid the balance in full, it "does not allege that [MPSC] has not been paid by UPC and/or Evergreen." *Defs.' Mot.* at 5.

UPC and Evergreen's argument is premature. The Complaint alleges that UPC and Evergreen acted with MPSC as joint venturers in operating the Mars Hill Project. *Compl.* ¶ 8. As such, the acts of MPSC are imputed to UPC and Evergreen, including its failure to pay Surplec. *See Aliberti, LaRochelle & Hodson Eng'g Corp. v. FDIC*, 844 F. Supp. 832, 847 (D. Me. 1994) (stating that the defendants' acts "constitute a joint venture and . . . they are jointly and severally liable for the injury caused by the venture."). Moreover, Surplec's allegations are bottomed on assertions of fact, which at this stage must be accepted as true. *See Nancy W. Bayler, Inc. v. Me. Employment Sec. Comm'n*, 472 A.2d 1374, 1377 (Me. 1984) (stating that to determine if a joint venture exists, "the finder of fact must consider the conduct of the parties and the surrounding circumstances before reaching a conclusion as to their intent."). Whether the allegations match the evidence must be left for a later day.

Further, UPC and Evergreen refer to Surplec as a "supplier/subcontractor," in an attempt to shoehorn their situation into the Maine Law Court's holding that a subcontractor cannot sue a property owner for unjust enrichment, when the property owner has paid the general contractor in full. *See A.F.A.B.*, 610 A.2d at 749; *Pendleton v. Sard*, 297 A.2d 889, 895 (Me. 1972) (holding that an unpaid subcontractor had no claim of unjust enrichment against a property owner when the general contractor had been paid in full, because any enrichment on the part of the property owner would not have been unjust).

The Court views this analogy as strained, and is unconvinced that the relationship between Surplec and UPC/Evergreen, as alleged, is akin to that of a subcontractor and property owner. Although there is no contract between Surplec and UPC and Evergreen, Surplec has alleged that, as joint venturers with MPSC, UPC and Evergreen are currently using and benefiting from the transformer. Because these allegations create a plausible entitlement to relief, they are sufficient to state a claim of unjust enrichment against UPC and Evergreen. *See Forrest Assocs.*, 2000 ME 195, ¶ 14, 760 A.2d at 1046.

## IV.   CONCLUSION

The Court DENIES UPC Wind Management LLC and Evergreen Wind Power LLC's Motion to Dismiss (Docket # 23), and DISMISSES their Motion to Stay Discovery (Docket # 36).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 7th day of August, 2007